## James Conlan v. Maurice A. Mead et al.

1. VERDICTS—*Upon Conflicting Evidence and Not Warranted by the Evidence.*—The court holds that the verdict of the jury on conflicting evidence on the question of liability ought not to be disturbed, but that upon the attachment issue there was no evidence warranting the finding of the jury and that it must be set aside.

2. BRIEFS—*What They Should Contain.* — Counsel for appellants should in all cases precede their argument by a statement of facts, with abundant references, showing at what place in the abstract such facts appear.

Attachment, against an alleged partnership. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the March term, 1897. Judgment in assumpsit affirmed. Finding in attachment and special execution set aside. Opinion filed June 14, 1897.

THOMAS J. WALSH, attorney for appellant.

EDGAR L. JAYNE, attorney for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit begun by suing out an attachment against appellant and William J. Watson, as partners.

Appellant denied that he had been or was a partner as charged, and also denied the allegations of the affidavit upon which the attachment was predicated.

The evidence as to the partnership was conflicting, and such that we do not feel that we ought to reverse the finding of the court below, holding appellant liable for the debt of W. J. Watson & Co.

Upon the attachment issue there was no evidence warranting the conclusion of the court and jury thereon.

Appellant testified directly and positively in denial of the allegations of the attachment writ. The objections made by appellant to certain instructions are, in view of the special findings of the jury, not well taken.

The judgment of the Superior Court against the defendant for the sum of $3,281.60 is affirmed. The finding of the court upon the issue in attachment, and the award of special execution against the property attached, are set aside.

Appellant will recover judgment in this court for one-half of the amount that his costs exceed those of appellees.

Counsel for appellants should in all cases precede their argument by a statement of facts, with abundant references, showing at what place in the abstract such facts appear.

Judgment in assumpsit affirmed. Finding in attachment and special execution set aside.